## SETH AND BERTHA M. THORSNESS v. FRED WOLTMAN.[1]

November 13, 1936.

Nos. 30,903, 30,904.

*Stinchfield, Mackall, Crounse, McNally & Moore, Clyde W. Fiddes,* and *A. H. Clemens,* for appellant.

*William B. Richardson* and *Irving L. Eckholdt,* for respondents.

LORING, JUSTICE.

In suits to recover for personal injuries to plaintiff Bertha M. Thorsness and for the consequent medical expenses of her husband due to an automobile accident which occurred in South Dakota, the plaintiffs had verdicts, and the defendant comes here upon appeals from orders denying his motion for judgment or a new trial in each case.

The case presents for consideration the proper interpretation and application of the so-called guest-passenger statute of South Dakota. That statute provides [So. Dak. L. 1933, c. 147]:

[1]Reported in 269 N. W. 637.

"* * * no person transferred by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or wilful and wanton misconduct of the owner or operator of such motor vehicle and unless such gross negligence or wilful and wanton misconduct contributed to the injury, death or loss for which the action is brought."

The sole question presented by this appeal is whether there was sufficient evidence of gross negligence on the part of the defendant to be submitted to the jury. The plaintiff Bertha is the sister-in-law of the defendant. It appears that on the morning of July 3, 1934, the defendant, with his wife and four-year old child, was riding in the front seat of his automobile, and the plaintiff Bertha M. Thorsness, her 17-year old niece, and 12-year old Kenneth Wetterberg were riding in the back seat. They started out at five o'clock in the morning from a friend's home near Arlington, South Dakota, to drive to Parker, in that state, a distance of about 75 miles. They had gone about 60 miles, and it was nearly eight o'clock when the accident occurred. They were traveling upon a regular state highway, graveled and about 30 feet wide. It had rained some during the morning and was still drizzling at the time of the accident, but the roadway was not slippery or apparently dangerous, though some water was standing in ruts. On each side of the graded portion of the highway was a ditch about two feet deep. While the defendant was driving at about 30 miles an hour at a point a quarter of a mile from the place of accident the car swerved to the right. The defendant brought it back into the road. His wife inquired if he was asleep, and he said that he was not. He proceeded then for about a quarter of a mile, and when the car again swerved to the right he swung it back to the left and then again to the right and it went into the ditch, traveling 50 or 75 feet, where it struck some obstruction, and the plaintiff Bertha M. Thorsness was injured. The defendant did not apply his brakes. After the accident the steering gear was found to be in good con-

dition. There was some evidence that the tracks probably made by defendant's car had zigzagged to the right and left for some distance prior to the accident, but seemed to zigzag less as the tracks came nearer to the point of accident.

At the end of the testimony the defendant moved for directed verdicts. This saved his right to attack the sufficiency of the evidence under the proper interpretation of the law. The motion was denied and the cases submitted to the jury. We are of course bound by the construction placed by the South Dakota supreme court upon the South Dakota statute, and that court has recently decided that the South Dakota act was taken from the Michigan statute of like tenor and that prior to its adoption by South Dakota it had received construction by the Michigan courts. Melby v. Anderson, 64 S. D. ——, 266 N. W. 135, 137. Gross negligence is a difficult term to define, but for the purposes of this case we take the definition adopted by South Dakota from the Michigan interpretation of the statute. In the Melby case the court very carefully considered the statute and the Michigan cases interpreting it prior to its adoption by South Dakota. The court said [266 N. W. 137]:

"A fair statement of the net result of these Michigan cases construing this statute prior to our adoption thereof seems to us about as follows: That 'gross negligence,' as used in the statute, is really a misnomer, and that the conduct described by those words transcends negligence and is different in kind and amounts to willful, wanton, or reckless misconduct as distinguished from negligence even though spoken of as gross negligence. *Its characteristic is willfulness* rather than inadvertence. That there is no such thing as 'gross negligence' in the sense of great or much negligence, and the term as implied in the statutes does not mean something of a less degree than willful or wanton misconduct. * * *

"We conclude, therefore, as follows: This statute was taken from the law of Michigan, and will be construed and interpreted in the light of the Michigan decisions relating to it before our legislature adopted it. Under those decisions, the words 'gross negligence' are, for practical purposes, *substantially synonymous with*

*the phrase 'wilful and wanton misconduct.'* Willful and wanton misconduct (and gross negligence as it is employed in this statute) *means something more than negligence.* They describe conduct which transcends negligence and *is different in kind and characteristics.* They describe conduct *which partakes to some appreciable extent, thought not entirely, of the nature of a deliberate and intentional wrong.* To bring the conduct of the defendant within the prohibition of this statute the jury must find as a fact that defendant intentionally did something in the operation of a motor vehicle which he should not have done or intentionally failed to do something which he should have done *under such circumstances that it can be said that he consciously realized that his conduct would in all probability* (as distinguished from possibly) *produce the precise result which it did produce and would bring harm to the plaintiff."* (Italics supplied.)

As so interpreted, the defendant's conduct as a matter of law did not fall within the term "gross negligence" as used in the South Dakota statute. There is nothing from which it might be inferred that he consciously realized that his conduct would in all probability produce the precise result which it did produce and would bring harm to the plaintiff Bertha M. Thorsness. The Melby case, 64 S. D. ——, 266 N. W. 135, was a much stronger case for the plaintiff on the facts than are the cases at bar.

The orders appealed from are reversed with directions to the district court to enter judgments for the defendant notwithstanding the verdict.